(No. 85-CC-0551—▮▮▮)

BILLY JONES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 7, 1986.*

BILLY JONES, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

This is a claim for personal injuries brought by Billy Jones, Claimant, a resident of Stateville Correctional Center.

On August 28, 1984, Claimant was a resident of Joliet Correctional Center. At approximately 9:30 a.m., he was being escorted by an officer down the gallery of his cellhouse to breakfast. When they came to the sergeant's office at the end of the gallery, they discovered an argument going on in the sergeant's office between the sergeant and an inmate. The inmate ran out of the office, and the sergeant threw his plastic walkie-talkie radio at the inmate. Fortunately, because another officer had already thrown the inmate to the floor, the radio missed the inmate and shattered against the wall. Small particles of the radio flew into the Claimant's eyes.

From Respondent's exhibit No. 1, a memorandum prepared by the warden of Joliet Correctional Center, it appears that the Claimant was seen in the emergency room of the health care unit around noon. He was complaining of foreign body sensation in his left eye. A small foreign body was discovered and removed, but there was no evidence of corneal abrasion or any damage to the eye which would lead to decreased visual function.

Claimant continued to complain of foreign body sensation in his left eye. On August 30, 1984, at 2:15 a.m., he was again seen in the health care unit by a nurse, and three pieces of black material were removed. Thereafter, the Claimant complained of foreign body sensation

275

in his right eye, but no foreign body was ever discovered in his right eye.

The officer was evidently at fault in hurling his radio at the other inmate. Also, it would seem that it should not have taken until August 30, 1984, two days after the incident, before medical personnel located and removed all of the particles from the Claimant's eye. However, neither the Claimant's testimony nor Respondent's exhibit No. 1 indicate any permanent injuries to Claimant's eyes.

For the reasons stated above, we deny this claim.